**Carl William GILLIAM, Petitioner,**

v.

**Paul W. KIRBY, Administrator, Respondent.**

**Civil Action No. 2:94cv214.**

United States District Court,
N.D. West Virginia.

March 12, 1997.

Carl William Gilliam, Moundsville, WV, pro se.

Silas B. Taylor, Rory L. Perry, Asst. Atty. Gen., Charleston, WV, for Respondent.

## ORDER

MAXWELL, District Judge.

Petitioner, a state prisoner proceeding *pro se,* seeks to pursue his remedies in this habeas corpus action pursuant to 28 U.S.C. § 2254.[1] On August 16, 1996, the respondent filed a Consolidated Answer, Motion to Dismiss for Failure to State a Claim, Motion for Summary Judgment, and Memorandum in Support Thereof. The respondent also submitted various exhibits.

By Order entered August 19, 1996, petitioner was provided with notice of an opportunity to respond. *See, Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975) (*pro se* litigant must be given meaningful notice of opportunity to respond to a motion for summary judgment). Petitioner was advised of his right to fully respond to the motion, including the right to submit affidavits or any other materials which would tend to show that there is a genuine issue as to any material fact and that respondent is not entitled to judgment as a matter of law.

Petitioner has not filed a response to the consolidated motion and answer; however, the Court will consider the initial petition and all matters of record in analyzing whether petitioner is entitled to the relief he seeks or whether the respondent is entitled to judgment as a matter of law.

In his first assignment of error, petitioner contends that he was denied his constitutional right to confront witnesses when the trial court found a state witness unavailable and permitted said witness's prior trial testimony to be read into the record during the second trial.[2] Petitioner alleges that the witness was hospitalized and was available to provide testimony by deposition.

The Confrontation Clause of the Sixth Amendment protects a defendant's right to confront witnesses at the time of trial. *Delaware v. Fensterer,* 474 U.S. 15, 18, 106 S.Ct. 292, 293–294, 88 L.Ed.2d 15 (1985). The Sixth Amendment's Confrontation Clause is made obligatory on the states by the Fourteenth Amendment. *Pointer v. Texas,* 380 U.S. 400, 403–405, 85 S.Ct. 1065, 1067–1068, 13 L.Ed.2d 923 (1965).

■ While the United States Supreme Court has emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial, *see, California v. Green,* 399 U.S. 149, 157, 90 S.Ct. 1930, 1934–1935, 26 L.Ed.2d 489 (1970), prior testimony may be admitted when the declarant is unavailable and when the prior testimony bears adequate "indicia of reliability." *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

■ After carefully examining the record, the Court concludes that the trial court properly found that the witness was unavailable. The record reflects that the witness was in the hospital and was not expected to be discharged for some time. Moreover, the prior testimony bore adequate indicia of reliability. Importantly, the prior testimony was subjected to significant cross examination by defense counsel, which was also read to the jury. It is believed, therefore, that

---

1. The petitioner was convicted in January 1986 in the Circuit Court of Mercer County, West Virginia, of one count of first degree sexual assault. He was subsequently sentenced to not less than fifteen (15) nor more than thirty (30) years imprisonment.

2. Petitioner was indicted and initially tried in Raleigh County, West Virginia. Petitioner's first trial ended in a mistrial. The second trial was conducted in Mercer County, West Virginia, on petitioner's motion for a change of venue.

substantial compliance with the purposes behind the confrontation requirement was met.[3]

In his second assignment of error, the petitioner urges that the victim's in-court identification was tainted by an improper out-of-court identification procedure. Specifically, petitioner contends that the victim was initially shown a photo array which contained six pictures, two of which were photos of petitioner. Petitioner also argues that he was denied his right to counsel during the line-up process.

■ Addressing the first part of this argument, the Due Process Clause protects an accused against identification procedures which are unnecessarily suggestive and conducive to irreparably mistaken identification. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). The petitioner must first show that the identification procedure was impermissibly suggestive.

This issue was presented to the state trial judge who conducted a pre-trial hearing prior to the second trial. The judge made findings on the record in open court and determined that the pre-trial identification procedures were not impermissibly suggestive.

■ The ultimate question as to the constitutionality of pre-trial identification procedures is a mixed question of law and fact. *Sumner v. Mata,* 455 U.S. 591, 597, 102 S.Ct. 1303, 1306–1307, 71 L.Ed.2d 480 (1982). However, in a federal habeas proceeding, a state court's determination of facts underlying a determination that pre-trial identification procedures were not impermissibly suggestive are entitled to a presumption of correctness. 28 U.S.C. § 2254(d); *Sumner,* 455 U.S. at 597, 102 S.Ct. at 1306–1307. Accordingly, the factual findings of

the state trial judge are entitled to a presumption of correctness. Moreover, petitioner has not presented the Court with any evidence to overcome the presumption of correctness.

The petitioner is now asking this Court to undermine the factual findings of the state trial court, and he is asking the Court to do so in light of apparent confusion in the mind of the victim.[4] Quite simply, the petitioner has not presented any evidence or argument which would permit the Court to question the presumption of correctness of the state trial court's factual findings.

Although the Court presumes the factual findings of the trial court to be correct, the ultimate question of pre-trial identification is an issue of law and a matter for independent federal determination. *Id.* Having conducted the required independent analysis and having reviewed the proceeding conducted by the state trial judge, the Court concludes that the in-court identification of the defendant was not tainted by an impermissibly suggestive out-of-court identification.

In the second prong of petitioner's challenge to the pre-trial identification procedures, petitioner alleges that he was denied his constitutional right to be represented by counsel at the time of the line-up.

■ Lineups conducted after initiation of adversary judicial proceedings are critical stages of prosecution at which the defendant is entitled to the presence of counsel. *Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). In the instant case, the respondent concedes that the lineup was conducted after the initiation of criminal

---

3. The record also establishes that defense counsel withdrew his objection to the admission of the first eighteen pages of the transcript, which is the only portion of the transcript admitted into evidence.

4. The trial judge found that the victim was shown five photos in the array, only one of which was petitioner. She was then given a book with

"mug shots" and identified the petitioner from that book. The trial court found that, at the time of her testimony, the victim was confused and blended the two separate procedures, incorrectly believing that she had been shown two separate photos of petitioner during the initial photo array.

proceedings and that, therefore, the petitioner was entitled to the aid of counsel at the lineup.

■ The respondent urges, however, that the petitioner made a knowing and intelligent waiver of his right to counsel during the lineup. The petitioner has presented no evidence or argument to prove that he did not knowingly and intelligently waive his right to counsel at this stage of the proceeding. While petitioner claims that he is retarded, the record before the Court contains testimony from a defense expert that the petitioner is not retarded.

In his third assignment of error, the petitioner alleges that the trial court improperly failed to give a "care and caution" jury instruction and failed to instruct the jury on a lesser included offense. With regard to the lack of a care and caution instruction, the petitioner has failed to allege a constitutional claim.

With regard to the failure to give a lesser included offense instruction, the Court believes that the respondent's memorandum of law accurately sets forth the facts and the law which are applicable to this case. The petitioner has failed to demonstrate that the evidence introduced at trial justified the lesser included offense instruction, and petitioner has also failed to demonstrate that the failure to give the instruction was constitutionally impermissible.

In his fourth ground for relief, petitioner alleges that the trial court erred by introducing his confession into evidence. Petitioner contends that the confession was improperly induced and that his waiver of rights was not knowingly and intelligently given.

This issue was presented to the state trial judge who conducted a hearing outside the presence of the jury. At the conclusion of the hearing, the judge made findings on the record in open court and determined that the petitioner's testimony was not credible; the officers' testimony was credible; the officers did not induce the confession with promises nor initiate any promises; and petitioner made the written statement after he was fully advised of his constitutional rights. The trial judge also made an express finding that the petitioner's low intelligence did not in any way impair his ability to understand the rights which were explained to him by the officer and his waiver of those rights.

■ As the Court has previously noted, in a federal habeas proceeding, a state court's determination of facts underlying a determination that a confession was voluntary is entitled to a presumption of correctness. 28 U.S.C. § 2254(d); *Miller v. Fenton*, 474 U.S. 104, 105, 106 S.Ct. 445, 447, 88 L.Ed.2d 405 (1985). Having reviewed the proceedings conducted by the state trial judge and having determined that he complied with the requirements of *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and *Sims v. Georgia*, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), said factual findings of the state trial judge are entitled to a presumption of correctness.

Moreover, petitioner has not presented the Court with any evidence to overcome the presumption of correctness. Essentially, the state trial judge was presented with a question of balancing the police officers' word with the defendant's word—a very straightforward issue of credibility. The state trial judge addressed this question directly—he simply found the testimony of the police officers to be more credible.

Although the Court presumes the factual findings of the trial court to be correct, whether the confession is voluntary is an issue of law and a matter for independent federal determination. *Miller v. Fenton*, 474 U.S. at 112, 106 S.Ct. at 450–451. Having conducted the required independent analysis, the Court concludes that admission of the confession did not violate the Fifth and Fourteenth Amendments to the Constitution.

■ In his fifth ground for relief, petitioner alleges that the Indictment was unconstitutionally vague, void, and defective because it was a presentment, rather than a charging instrument. Petitioner has failed to demonstrate a federal constitutional claim, and is, therefore, not entitled to federal habeas relief on this ground.

In his sixth ground for relief, petitioner contends that the trial court failed to provide

an examination to determine petitioner's competency to stand trial.

■ An incompetent defendant may not be tried. The appropriate test to be applied is whether the accused has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding of proceedings against him. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

■ The record reflects that a determination of competence to stand trial was made prior to the first trial which ended in a mistrial. Petitioner was not subjected to another competency evaluation prior to the second trial. Inasmuch as the petitioner has failed to demonstrate changed circumstances after the first competency evaluation which would necessitate a second evaluation and inasmuch as petitioner has failed to demonstrate an inability to consult with his lawyer with a reasonable degree of rational understanding of the proceedings against him, petitioner fails to state a cognizable constitutional claim.

■ Petitioner's seventh assignment of error contends that the prosecutor's remarks in closing arguments were prejudicial and violated his right to a fair trial. Petitioner urges that the prosecutor improperly referred to petitioner as a liar and to petitioner's testimony as lies.

After reviewing the argument of the prosecutor, the Court does not find that the prosecutor made these statements in such a way as to give her personal view of the evidence. Moreover, the Court cannot find that the cumulative effect of the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986), *quoting, Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). The evidence of guilt was overwhelming; the remarks did not mislead the jury; the remarks were isolated; and there is no evidence that the remarks were deliberately placed before the jury to divert attention to extraneous matters. Accordingly, the defen-

dant is not entitled to relief based upon the allegations in ground seven.

In his eighth assignment of error, petitioner alleges that the Indictment failed to allege a felony offense and that the composition of the grand jury was unconstitutional. With regard to the latter allegation, petitioner presents no facts or argument in support of the conclusory allegation that the composition of the grand jury was unconstitutional. In addition, petitioner fails to elaborate on his position that the Indictment fails to charge a felony. The Court has read the Indictment as it was read to the jury at the outset of the trial and finds that it adequately advises the defendant of the charge against him and sets forth the elements of the offense for which he was charged.

In his ninth ground for relief, petitioner contends that his right to a fair trial and due process were denied when the trial judge read a burden-shifting instruction to the jury. Unfortunately, petitioner does not identify the instruction he claims improperly shifted the burden of proof to the defendant. The Court has, however, reviewed the jury instructions which were read to the jury and can find no impermissible burden-shifting instructions. To the contrary, the trial court repeatedly reminded the jury that the burden rested with the prosecution to prove each and every essential element of the offense beyond a reasonable doubt. The defendant has failed to demonstrate that he is entitled to relief for the reasons he states in ground nine of his petition.

In his tenth ground for relief, petitioner alleges that he was denied his right to effective assistance of counsel. Petitioner raises sixteen separate instances of alleged incompetence.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that an accused brought to trial in any state or federal court is afforded the right to assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335 (1963). Included in the right to counsel is the right to the "effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970).

In determining whether an accused received adequate assistance of counsel, the petitioner must first show that trial counsel's representation fell below an objective standard of reasonableness and then must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Given all matters of record, the Court finds that petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness, and it is equally as clear that the result of the proceeding would not have been different if counsel had raised the objections that petitioner now claims he should have made. Therefore, petitioner cannot prevail on his claim of ineffective assistance of counsel.

Having now addressed all grounds for relief raised by the petitioner's motion brought under 28 U.S.C. § 2254, it is

**ORDERED** that respondent's combined Motion to Dismiss and Motion for Summary Judgment be, and the same are hereby, **GRANTED.** It is further

**ORDERED** that the Clerk shall enter judgment for the respondent. It is further

**ORDERED** that the above-styled habeas action be, and the same is hereby, **DISMISSED** with prejudice and **STRICKEN** from the docket of the Court. It is further

**ORDERED** that, if petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4, Federal Rules of Appellate Procedure. The notice of appeal should also include a request for a certificate of appealability which is required for an appeal by 28 U.S.C. § 2253, as amended April 24, 1996. These papers should be submitted in duplicate.